ORIGINAL

FILED
DEC 29 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OTOE-MISSOURIA TRIBE OF INDIANS, OKLAHOMA

v.

THE UNITED STATES

No. 06-937 L

**COMPLAINT**[1]

Plaintiff, the Otoe-Missouria Tribe of Indians, Oklahoma ("Tribe"), sues the Defendant, The United States of America ("Defendant") as follows:

1. This is an action by the Tribe for an accounting of the trust funds of the Plaintiff, and for related relief.

**PARTIES**

2. Plaintiff, Otoe-Missouria Tribe of Indians, Oklahoma, is a federally recognized Indian tribe, recognized by the United States as a sovereign Indian tribe with legal rights and responsibilities, eligible for the special programs and services provided by the United States to Indians because of its status as an Indian tribe.

3. Defendant, United States of America, through the Secretary of the Interior, Special Trustee for the Office of Special Trustee for American Indians, and the Secretary of the Treasury is charged with the duties and responsibilities as trustee for the Tribe and the administration of trust funds as well as preparing and maintaining

[1] Plaintiff has filed this action in the United States District Court for the Western District of Oklahoma and the United States Court of Federal Claims.

the applicable records in connection with these funds. The Defendants are more specifically defined as:

a. Defendant Dirk Kempthorne is the Secretary of the Interior ("Defendant Secretary of the Interior") and charged by law with carrying out the duties and responsibilities of the United States as trustee for the Tribe.

b. Defendant Ross O. Swimmer is the Special Trustee for American Indians, appointed by the President of the United States with the advice and consent of the Senate. Defendant Swimmer's legal duties and responsibilities to the Tribe are detailed in the Act of October 25, 1994, Pub. L. No. 103-416, 108 Stat. 4239.

c. Defendant Henry Paulson is the Secretary of the Treasury, and in that capacity is the custodian of tribal trust funds, and has responsibility with regard to the administration of such funds and the preparation and maintenance of records in connection with those funds.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1362. This is a civil action brought by an Indian tribe and arises under the Constitution, treaties, and agreements between the United States and the Tribe, federal common law and the federal statutes governing the administration and management of property held by the United States in trust for tribes. The Court also has jurisdiction under 28 U.S.C. §1361, 5 U.S.C. §§ 702, 704, 706, as this is an action for injunctive relief to compel federal officials to perform a duty owed to the Tribe. Further, the Court has jurisdiction under 28 U.S.C. 1346 and 1491 as the

United States is the Defendant in this claim for which Tribe seeks declaratory, injunctive and monetary relief for the asserted claims.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(2) and (e)(2) because this is an action in which the Defendant are officers and employees of the United States acting in an official capacity, and a substantial part of the events or omissions giving rise to the claims herein have occurred within this judicial district.

## FACTUAL BACKGROUND

6. The Tribe occupies the Indian country within its former reservation in Noble and Pawnee Counties, Oklahoma, and is the beneficial owner of land and natural resources, including valuable oil, gas, water and other mineral reserves attributable to its former reservations in Oklahoma and elsewhere, subsequently allotted lands and current land holdings, title to which is held in trust by the United States for the benefit of the Tribe ("Trust Property"). For purposes of this litigation, "Trust Funds" are defined as any income generated in any manner related to the Trust Property and that falls within the management obligations pursuant to the federal statutory and common law jurisdiction of the Defendant.

7. Under federal law, tribal land held in trust by the United States is inalienable except as authorized by Congress. 25 U.S.C. § 177. Congress has granted the Secretary of the Interior authority to approve conveyances of certain interests in trust land, such as leases, easements and rights of way. The law further establishes the terms and conditions under which such conveyances may be made, and generally requires that compensation be paid to the tribe for the use of tribal lands.

8. Under 25 U.S.C. § 2 and other federal laws, Congress has granted the Secretary of the Interior certain limited authority to withdraw certain of the Tribe's lands for federal and private purposes, including, but not limited to, educational, religious, and governmental uses. Federal law also establishes that terms and conditions under which such withdrawals may be made, and when the land is to be returned to tribal use. Federal law generally requires that compensation be paid to the Tribe for the conveyance or use of said tribal lands.

9. The Tribe entered into treaties, settlements, and other contractual agreements with the Defendant pursuant to which Defendant took possession of certain of the Tribe's lands and other valuable resources. When the Defendant took possession of those lands it obligated itself to provide specific consideration to the Tribe. As stated in those agreements, consideration often included money and/or goods and services which were to be provided by the Defendant to the Tribe and its members. Congress appropriated federal funds to pay consideration to the Tribe and those appropriated dollars became the trust property of the Tribe managed by the Defendant until consideration was delivered. The Tribe has never received an accounting of: (A) how the Trust Funds were appropriated, (B) how many of these Trust Funds were invested, and (C) the resources from which the Tribe actually received the partial or full consideration provided for in those agreements.

10. When Defendant Secretary of the Interior and his predecessors took office they assumed control and management over the Trust Property of the Tribe. Defendant Secretary of the Interior has approved on behalf of the Tribe the following: leases, easements, permits, and other grants of authority to use certain of the Tribe's

trust lands and natural resources for specific purposes. Defendant in certain limited instances has conveyed the title to certain of the Tribe's lands to third parties and has approved the use of certain of the Trust Property of the Tribe for Federal purposes. In the exercise of its trust authority, Defendant assumed the legal responsibility for the collection of fair and equitable compensation for those conveyances or uses which include, but not limited to, royalty payments, grazing fees, rents, purchase prices, and such other fees and payments as appropriate.

11. Defendant and his predecessors assumed the responsibility for the collection of payments described above and assumed the responsibility for the investment of the controlled assets, including the trust assets, the income generated by the Trust Property of the Tribe, and trust resources and by the other trust monies paid to the Tribe.

12. The Defendant has assumed the obligations of a trustee by virtue of holding tribal land in trust. *United States v. Mitchell*, 463 U.S. 206, 255 (1983); *Cobell v. Norton*, 240 F.3d 1081(D.C. Cir. 2001). As trustee, the Defendant has a fiduciary relationship and obligations of the highest responsibility and trust to administer the trust with the greatest skill and care possessed by the trustee. The Defendant has charged itself with moral obligations of the highest responsibility and trust in its conduct with Indian tribes and its conduct should therefore be judged by the most exacting fiduciary standards. *Cobell*, 240 F.3d at 1099 (quoting *Seminole Nation v. U.S.*, 316 U.S. 286, 297(1942)).

13. Additionally, the trust obligations of the Defendant include the duty to ensure that tribal trust property and trust funds are: (A) protected, (B) preserved, and (C)

managed so as to produce a maximum return to the tribal owner consistent with the trust character of the property.

14. The trust obligations of the Defendant also include the following duties: (A) to maintain adequate records with respect to Trust Property, (B) to maintain adequate systems and controls to guard against error or dishonesty, (C) to provide regular and accurate accountings to the trust beneficiaries, (D) to refrain from self-dealing or benefiting from the management of the trust property, (E) insure the Federal government's compliance with the protections afforded the Tribe under the Constitution, and (F) to consult with the Tribe regarding the management of the Trust Property of the Tribe.

15. Congress has charged certain agencies of the Defendant with fulfilling the obligations of trustee and with responsibility for the administration and management of all Trust Property of the Tribe. *See* 25 U.S.C. § 2; *Mitchell*, 463 at 255; *Cobell*, 240 F.3d 1081.

16. Defendant controls and manages all of the Trust Property and trust assets of the Tribe. Defendant also maintains control over all of the books and records of accounts affecting the Tribe's Trust Funds and Trust Property. Defendant has never rendered a complete, accurate or timely accounting to the Tribe of its trust assets, or provided the Tribe with a clear statement as to the origin or use of all of the funds in each of those accounts. In some instances, where the Trust Funds were derived or should have been derived from federal payments to the Tribe, the Defendant has failed to provide the Tribe with: (A) a clear statement of why these payments were being made, (B) what if any interest was being paid, and (C) how the federal

government determined the amounts which were due and payable. Defendant has also failed to establish any effective system for regular or periodic accountings of the Trust Property and Trust Funds of the Tribe, nor have they provided the Tribe with those accountings or reports. As a consequence, Defendant has kept and continues to keep the Tribe, who is the trust beneficiary, uninformed as to: (A) the Trust Property, Trust Funds and Trust resources owned by the Tribe, (B) the income and interest that the Tribe's currently owned and previously owned Trust Property, resources and Trust Funds have produced, (C) what disposition - if any - has been made of the Trust Funds, and (D) whether Defendant has properly managed the Tribe's Trust Property and Trust Funds.

17. As found by the United States Inspector General for the Department of the Interior, the United States General Accounting Office, and the United States Congress, massive and long-standing problems exist with the Defendant's administration of Indian trust funds. After a series of oversight hearings regarding the Department of the Interior's management of Indian trust funds, Congress issued a report condemning those practices. *See Misplaced Trust, Bureau of Indian Affairs Mismanagement of the Indian Trust Fund* H.R. Rpt. 102-499, 102 Cong. 2d Sess. (1992)(Congress noted that numerous reports prepared by the Interior Department's Inspector General, the General Accounting Office and the Office of Management and Budget have documented significant and habitual problems with the management of tribal trust monies). These reports have also documented a persistent failure to adhere to the duties and obligations the law imposes on a trustee, as well as a consistent pattern of refusing or ignoring directives to correct these problems and a history of

inaction and incompetence in the management of these assets. *See Misplaced Trust, Bureau of Indian Affairs Mismanagement of the Indian Trust Fund* H.R. Rpt. 102-499. Congress also noted that this has culminated in the Bureau of Indian Affairs' inability to accurately account for trust fund monies, and its inability to even provide the tribal beneficiaries with full and accurate statements of their trust account balances. *See Misplaced Trust, Bureau of Indian Affairs Mismanagement of the Indian Trust Fund* H.R. Rpt. 102-499.

18. Congress concluded that the Bureau of Indian Affairs has failed to manage and invest funds of tribes in the manner required by law. *See* H.R. Rpt. 102-499, 102 Cong. 2d Sess. (1992).

19. Upon information and belief, this mismanagement by the Defendant and this lack of a basic ability to manage these funds on behalf of the Tribe has resulted in losses to the Tribe, a trust beneficiary. However, the extent of the losses is unknown to the Tribe at this time because the Defendant has: (A) failed to provide the Tribe with a full and complete accounting of the source of its Trust Funds, (B) failed to provide the Tribe with a complete or accurate accounting of the amount contained in each of its accounts, including any report prepared by Arthur Anderson, (C) failed to provide the Tribe with a comprehensive statement of the use and investment of its Trust Funds and the interest earned on those dollars, (D) failed to maintain accurate books and records of the Tribe's account, (E) lost and destroyed relevant Trust Funds account records of Tribe, (F) failed or refused to disclose known losses, or unmade or incomplete payments to the Tribe and other trust beneficiaries, (G) failed or refused to reimburse trust beneficiaries for losses to their Trust Funds, and (H) failed to properly

create certain Trust Fund accounts and deposit the appropriate monies in those accounts. *See* H.R. Rpt. 102-499 at 37-41.

20. Congress imposed two requirements on the Defendant as follows: (A) to maintain the accounting and reconciliation of tribal trust funds and (B) to provide the tribes with an accounting of such funds. The Act of December 22, 1987, Pub. L. No. 100-202, 101 Stat. 1329. Congress reaffirmed these two mandates in subsequent statutes, including, but not necessarily limited to: the Act of October 30, 1989, Pub. L. No. 101-121, 103 Stat. 701; the Act of November 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915, and the Act of November 3, 1991, Pub. L. No. 102-154, 105 Stat. 990. By these Acts, Congress further required that the Defendant certify, through an independent party, the results of the reconciliation of tribal trust funds as the most complete reconciliation possible of such funds. Defendant has failed to meet either requirement as to the Tribe.

21. On October 25, 1994, Congress enacted the American Indian Trust Fund Management Reform Act, codified at 25 U.S.C. §§ 4001-61. Under the provisions of this Act, the Congress recognized the pre-existing trust responsibilities of the United States, and charged the Defendant with additional responsibilities to ensure the proper discharge of their individual trust responsibilities, as well as the trust responsibilities of the United States.

22. As evidenced by reports issued by the Interior Department's Inspector General, the General Accounting Office, and the Office of Management and Budget, among others, notwithstanding the foregoing Acts of Congress, Defendant has continued to

fail to implement the reforms required by law and has stifled the Special Trustee for American Indians efforts to perform his legal obligations.

23. To date, the Defendant has failed to provide the Tribe with a complete, accurate and timely accounting of the Trust Funds and have failed to meet their other statutory and legal obligations to the Tribe. Thus, Defendant is in clear breach of their trust responsibility to the Tribe.

24. Since 1990 Congress has consistently extended the statute of limitations on any claim concerning losses to or mismanagement of trust funds until the affected tribe or individual Indian has been furnished with an accounting of such funds from which the beneficiary can determine whether there has been a loss in order to protect the rights of the Tribe and other tribes until an accounting of the trust funds could be completed. *See* Act of November 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915; Act of November 13, 1991, Pub. L. No. 102-154, 105 Stat. 990; Act of October 5, 1992, Pub. L. No. 102- 381,106 Stat. 1374; Act of November 11, 1993, Pub. L. No. 103-138, 107 Stat. 1379; Act of September 30, 1994, Pub. L. No. 103-332, 108 Stat. 2499; Act of April 26, 1996, Pub. L. No. 104-134, 110 Stat 1341; Act of September 30, 1996, Pub. L. No. 104-208, 110 Stat. 3009; Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543; Act of October 21, 1998, Pub. L. No. 105-277, 112 Stat. 2681; Act of November 29, 1999, Pub. L. No. 106-113, 113 Stat. 1501; Act of October 11, 2000, Pub. L. No. 106-291, 114 Stat. 922; Act of November 5, 2001, Pub. L. No. 107-63.

25. Under the American Indian Trust Fund Management Reform Act of 1994, 25 U.S.C. §4044, the tribes must file account claims no later than six years after they

had received their respective tribal trust fund reconciliation project report. Congress extended this original deadline in Pub. L. No. 107-153 and again in Pub. L. No. 109-138. The statute of limitations for filing a claim is currently December 31, 2006 under the most recent statutory extension passed by Congress.

**COUNT I – DECLARATORY AND INJUNCTIVE RELIEF FOR FAILURE TO PROVIDE A PROPER ACCOUNTING AND FOR A DECLARATION THAT THIS FAILURE HAS INTERFERED WITH THE TRIBE'S ABILITY TO BRING CLAIMS AGAINST THE UNITED STATES**

26. Paragraphs 1 through 25 above are alleged and incorporated herein by reference. The Tribe further alleges and states:

27. Defendant owes the Tribe fiduciary duties and obligations of the highest responsibility and trust to administer the Trust Funds of the Tribe with the full care and responsibility of a fiduciary and a trustee. These obligations should be judged by the most exacting fiduciary standards. *Cobell,* 240 F.3d at 1099 (quoting *Seminole Nation v. U.S.*, 316 U.S. 286, 297 (1942)).

28. Defendant has failed to adhere to these responsibilities in that they have failed to provide the Tribe with a full, accurate and timely accounting of the Trust Funds of the Tribe, they have interfered with the Special Trustee in his efforts to comply with his legal obligations and this failure and this interference both constitute a breach of the Defendant' fiduciary duties to the Tribe, and is in violation of applicable law.

29. The Tribe is entitled to a declaratory judgment stating that the Defendant has not provided the Tribe with a complete, accurate and timely accounting of the Trust Funds of the Tribe as required by law.

30. The Tribe is also entitled to a declaratory judgment stating that Defendant's failure to provide this accounting has deprived the Tribe of the ability to determine whether it has suffered a loss and the extent of the loss suffered.

**COUNT II - DECLARATORY AND INJUNCTIVE RELIEF TO COMPEL A PROPER ACCOUNTING**

31. Paragraphs 1 through 30 above are alleged and incorporated herein by reference. The Tribe further alleges and states:

32. Defendant's failure to provide Tribe with a complete, accurate and timely accounting continues to cause the Tribe irreparable injury. The Tribe is deprived of the information necessary to determine whether Trust Funds of the Tribe have been properly administered, as the records required for such accounting may be lost or destroyed.

33. The Tribe is entitled to relief requiring the Defendant to provide the Tribe with a complete, accurate and timely accounting of all the Trust Funds, and preserving any claims which might be identified once that accounting is received.

**COUNT III – DECLARATORY AND MANDATORY INJUNCTIVE RELIEF COMPELLING PROPER MANAGEMENT OF THE TRIBE'S PRESENT AND FUTURE ACCOUNTS**

34. Paragraphs 1 through 33 above are alleged and incorporated herein by reference. The Tribe further alleges and states:

35. The Tribe is entitled to relief compelling the Defendant to manage the Tribe's current and future Trust Property, Trust Funds and trust assets in full compliance with all applicable law and with their duties as the Tribe's guardian and trustee.

## COUNT IV—JUDGMENT IN FAVOR OF THE TRIBE

36. Paragraphs 1 through 35 above are alleged and incorporated herein by reference. The Tribe further alleges and states:

37. The Tribe is entitled to a monetary judgment in favor of the Tribe in such amount that may be shown by the accounting requested herein for the amount owed by Defendant. The amount due to the Tribe from Defendant is anticipated to be an amount in excess of Ten Thousand Dollars ($10,000).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays:

1. For a declaration that the Defendant has not provided the Tribe with a complete, accurate and timely accounting of the Trust Funds of the Tribe as required by law.

2. For a declaration that by failing to provide for a complete, accurate and timely accounting of the Trust Funds of the Tribe, the Defendant has deprived the Tribe of the ability to identify whether it has suffered a loss, as well as any specific claims that it might have against the Defendant for their mismanagement of those Trust Funds.

3. For an order compelling the Defendant to provide a complete, accurate and timely accounting of the Trust Funds of the Tribe.

4. For an order directing the Defendant to manage all of current and future Trust Funds, Trust Property and resources of the Tribe in full compliance with all applicable law and with their duties as the Tribe's guardian and trustee.

5. For a monetary judgment in favor of the Tribe in such amount in excess of Ten Thousand Dollars ($10,000) as may be shown by the accounting of Trust Funds requested herein to determine the monetary amount due by Defendant.

6. For an award of the cost of the suit, without limitation, attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and other applicable federal statues, and under general principals of law and equity, and the fees and costs for expert assistance.

7. For such other and further relief, both at law and in equity, to which the Tribe is or may show itself entitled.

Timothy M. Larason, OBA #5239,
Counsel of Record
Kennis M. Bellmard II, OBA #13965
Sandra Benischek Harrison, OBA #18647
Michael D. McMahan, OBA #17314,
Of Counsel
ANDREWS DAVIS
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELLORS AT LAW
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK 73102
Telephone: (405) 272-9241
Fax: (405) 235-8786
www.andrewsdavis.com

ATTORNEYS FOR PLAINTIFF