**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THE OTOE-MISSOURIA TRIBE OF INDIANS, OKLAHOMA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 06-cv-00937 L** |
| | ) | **Senior Judge Loren A. Smith** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**ANSWER TO AMENDED COMPLAINT**

Defendant United States hereby submits the following Answer to the Amended Complaint filed on March 21, 2008 (Docket No. ("Dkt.") 12).

Defendant specifically denies each and every allegation of the Amended Complaint that is not admitted, denied, qualified, or otherwise expressly addressed in this Answer. The numbered paragraphs of this Answer correspond to the numbered paragraphs and sections of the Amended Complaint.

1. The allegations of Paragraph 1 constitute Plaintiff's characterizations of this suit to which no response is required.

**PARTIES**

2. As to the allegations contained in Paragraph 2, Defendant admits that the Otoe-Missouria Tribe of Indians of Oklahoma (hereafter "Plaintiff" or "Otoe-Missouria") is a federally recognized Indian tribe organized pursuant to the Indian Reorganization Act of 1934, 48 Stat. 984, 25 U.S.C. § 461 *et seq*. The remaining allegations in Paragraph 2 are Plaintiff's characterizations of its caseand conclusions of law to which no response is required.

3. As to the allegations contained in the first sentence of Paragraph 3, Defendant

admits that Plaintiff is beneficial owner of certain funds and land that Defendant holds in trust for Plaintiff. The remaining allegations in Paragraph 3 are Plaintiff's characterizations and conclusions of law to which no response is required.

A. As to the allegations contained in section (a) of Paragraph 3, Defendant admits that Dirk Kempthorne is the Secretary of the Interior but denies that Mr. Kempthorne is a defendant herein. The remaining allegations in section (a) of Paragraph 3 are characterizations of the rules and conclusions of law to which no response is required.

B. As to the allegations contained in the first sentence of section (b) of Paragraph 3, Defendant admits that Ross O. Swimmer is the Special Trustee for American Indians, appointed by the President of the United States with the advice and consent of the United States Senate but denies that Mr. Swimmer is a defendant herein. The allegations contained in the second sentence of section (b) of Paragraph 3 are Plaintiff's characterizations of the rules and conclusions of law to which no response is required. The referenced Act speaks for itself and is the best of evidence of its contents. The allegations contained in the third and fourth sentences of section (b) of Paragraph 3 are Plaintiff's characterizations and conclusions of law to which no response is required.

C. As to the allegations contained in the first sentence of section (c) of Paragraph 3, Defendant admits that Henry M. Paulson, Jr. is the Secretary of the Treasury and denies that Mr. Paulson is a defendant herein. The remaining allegations in section (c) of Paragraph 3 are characterizations of the rules and conclusions of law to which no response is required.

D. As to the allegations contained in section (d) of Paragraph 3, Defendant

admits that the United States is the properly named defendant herein but denies any allegation that other parties associated with the United States are a defendant. Any remaining allegations in section (d) of Paragraph 3 are conclusions of law to which no response is required.

**JURISDICTION AND VENUE**

4. The allegations contained in Paragraph 4 are Plaintiff's characterizations of their claims and conclusions of law to which no response is required. The cited statutes speak for themselves and are the best evidence of their contents.

5. The allegations contained in Paragraph 5 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes and case law speak for themselves and are the best evidence of their contents.

6. As to the allegations in Paragraph 6, Defendant denies that “officers and employees of the United States acting in an official capacity” are defendants in this case. The remaining allegations contained in Paragraph 6 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes speak for themselves and are the best evidence of their contents.

**FACTUAL BACKGROUND**

7. As to the allegations contained in the first sentence of Paragraph 7**,** Defendant admits that the Otoe-Missouria Tribe of Indians of Oklahoma currently occupies land in Noble County, Oklahoma and that it holds certain lands and other assets in trust by the United States for the Tribe’s benefit. Defendant avers that the allegation that natural resources are “attributable to its former reservations in Oklahoma and elsewhere” is vague and ambiguous such that Defendant is unable to formulate a response thereto. The second sentence of Paragraph

7 contains a conclusion of law to which no response is required.

8. As to the allegation contained in the first sentence of Paragraph 8, Defendant admits that it manages trust accounts for the Tribe. As to the allegations contained in the second sentence of Paragraph 8, Defendant admits that it manages trust accounts established for funds received by Plaintiff as a result of certain judgments entered in favor of Plaintiff. Defendant denies the allegation that it manages an account named the “Interest on Otoe and Missouria Fund” and avers that it does maintain a separate account that holds the interest earned from funds held in judgment fund accounts. The allegation contained in the second sentence of Paragraph 8 that there are “multiple accounts for the sale of the Tribe’s reservation” is vague and ambiguous such that Defendant is unable to formulate a response thereto.

9. Defendant admits the allegations contained in the first through the fifth sentences of Paragraph 9. The allegations contained in the sixth sentence of Paragraph 9 are Plaintiff’s characterizations of the first through fifth sentences, to which no response is required. As to the allegations contained in the seventh sentence of Paragraph 9, Defendant admits that sums of money from various judgments were held in trust for the benefit of the Plaintiff.

10. As to the allegations contained in Paragraph 10, Defendant admits that Congress did approve and confirm a settlement of November 20, 1899 for $168,784.08. The remaining allegations contained in Paragraph 10 are Plaintiff’s characterizations and conclusions of law to which no response is required.

11. Defendant admits the allegation in the first sentence of Paragraph 11 and avers that the Tribe brought suit in the Court of Claims, appealing a decision by the Indian Claims Commission (2 Ind. Cl. Comm. 335). As to the allegations in the second sentence of Paragraph

11, Defendant admits that the Tribe was awarded $554,589.85 and avers that the award is the best evidence of its contents and speaks for itself. *See Otoe & Missouria Tribe v. United States*, 131 Ct. Cl. 593 (1955). The remaining allegations in the second sentence of Paragraph 11 are Plaintiff's characterizations and conclusions of law to which no response is required.

12. As to the allegations contained in Paragraph 12, Defendant admits the allegation that the Tribe also was awarded $624,468.55 for the cession of land pursuant to a treaty dated March 15, 1854. The remaining allegations contained in Paragraph 12 are Plaintiff's characterizations and conclusions of law to which no response is required.

13. As to the allegations contained in the first sentence of Paragraph 13, Defendant admits that Plaintiff did bring a lawsuit against the United States for land allegedly taken by the United States in 1854. Defendant further avers that the lawsuit brought by Plaintiff also addressed land acquired by the United States from Plaintiff by the Treaty of October 15, 1836. Defendant admits the allegation contained in the second sentence of Paragraph 13 that the Plaintiff was awarded $1,750,000 as a judgment. *Otoe and Missouria Tribe of Indians v. United States*, 13 Ind. Cl. Comm. 272 (1964). The judgment speaks for itself and is the best evidence of its contents.

14. The allegations contained in Paragraph 14 are vague and ambiguous such that Defendant is unable to formulate a response thereto.

15. The allegations contained in the first sentence of Paragraph 15 are vague and ambiguous such that Defendant is unable to formulate a response thereto. Defendant avers that Plaintiff is aware of all relevant trust fund accounts because control and management over Plaintiff's trust funds and trust property and books and records is shared or has been shared with

the Plaintiff in accordance with applicable laws, statutes, regulations, or agreement of the parties. Defendant denies the allegations contained in the second sentence of Paragraph 15 and avers that the Department of the Interior ("Interior") has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund statements"; (b) a report in1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Otoe-Missouria Tribe of Indians of Oklahoma" for Fiscal Years 1973-1992, which sets forth the results of Interior's project to reconcile tribal trust accounts including those of Plaintiff for the years noted; and (c) from 1995 to the present, periodic statements of account or performance for Plaintiff's trust fund monies received by the Defendant. Further, the allegation contained in the second sentence of Paragraph 15 that "proper accountings have not been provided to the Tribe" is vague and ambiguous as to what constitutes a "proper accounting" such that Defendant is unable to formulate a response thereto.

16. The allegations contained in Paragraph 16 are Plaintiff's characterizations and conclusions of law to which no response is required.

17. The allegation contained in Paragraph 17 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and is the best evidence of its contents.

18. The allegations contained in Paragraph 18 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and referenced "other federal laws" speak for themselves and are the best evidence of their contents.

19. The allegations contained in the first through the fourth sentences of Paragraph 19 are vague and ambiguous such that Defendant is unable to formulate a response thereto. Generally, the referenced "treaties, settlements and other contractual agreements" speak for themselves and are the best evidence of their contents. Defendant denies the allegations contained in the fifth sentence of Paragraph 19.

20. The allegations contained in the first sentence of Paragraph 20 are Plaintiff's characterizations and conclusions of law to which no response is required. Defendant avers that the Secretary of the Interior is not a Defendant herein. As to the allegations contained in the second sentence of Paragraph 20, Defendant admits that leases, easements, and permits have been approved for the Plaintiff's benefit, and as requested by Plaintiff. The allegation that Defendant has approved on Plaintiff's behalf "other grants of authority to use certain of the Tribe's trust lands and natural resources for specific purposes" is vague and ambiguous such that Defendant is unable to formulate a response thereto. As to the allegations contained in the third sentence of Paragraph 20, Defendant admits that it has in certain limited instances conveyed the title of certain of the Plaintiff's lands to third parties for Plaintiff's benefit, and as requested by Plaintiff. The allegations made by Plaintiff in the fourth sentence of Paragraph 20, regarding Defendant's assumption of "the legal responsibility for the collection of fair and equitable compensation" is vague and ambiguous such that Defendant is unable to formulate a response thereto. Defendant avers that the United States holds certain funds in trust on Plaintiff's behalf and that the United States carries out certain legal responsibilities for Plaintiff through the Secretary of the Interior. Defendant avers that Plaintiff has shared, and continues to share, in the control and management over Plaintiff's trust property, and that the extent of Plaintiff's and of

Interior's control and management over Plaintiff's trust property is set forth in the provisions of, and the regulations implementing, statutes, such as the Indian Self-Determination and Education Assistance Act, Pub. L. 93-638, as well as the contract entered thereunder between Plaintiff and Interior (commonly known as "638 contracts" or "Section 638 contracts"). Such documents speak for themselves and are the best evidence of their contents.

21. The allegations contained in Paragraph 21 are vague and ambiguous such that Defendant is unable to formulate a response thereto. Defendant avers that it does not exercise exclusive control of all the books and records of account concerning Plaintiff's trust funds and trust property and that control and management over Plaintiff's trust funds and trust property and books and records is shared or has been shared with Plaintiff, in accordance with applicable laws, statutes, regulations, or agreement of the parties.

22. The allegations contained in Paragraph 22 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited cases speak for themselves and are the best evidence of their contents.

23. The allegations contained in Paragraph 23 are Plaintiff's characterizations and conclusions of law to which no response is required.

24. The allegations contained in Paragraph 24 are Plaintiff's characterizations and conclusions of law to which no response is required.

25. The allegations contained in Paragraph 25 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited case law and statute speak for themselves and are the best evidence of their contents.

26. The allegations contained in the first sentence of Paragraph 26 are vague and

ambiguous such that Defendant is unable to formulate a response thereto. The allegations contained in the second and third sentences of Paragraph 26 are Plaintiff's characterizations and conclusions of laws to which no response is required. The Congressional report and the other unspecified "reports" speak for themselves and are the best evidence of their contents.

27. The allegations contained in Paragraph 27 are Plaintiff's characterization and conclusion of law to which no response is required. The cited report speaks for itself and is the best evidence of its contents.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant admits the allegations contained in the first sentence of Paragraph 29. The allegations contained in the second sentence of Paragraph 29 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and is the best evidence of its contents.

30. The allegations contained in Paragraph 30 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and is the best evidence of its contents.

31. The allegations contained in Paragraph 31 are Plaintiff's characterizations and conclusions of law to which no response is required.

32. The allegations contained in Paragraph 32 are of Plaintiff's characterizations and conclusions of law to which no response is required. The cited Restatement speaks for itself and is the best evidence of its contents.

33. Defendant denies the allegations contained in Paragraph 33. Defendant also avers that Plaintiff has shared, and continues to share, in the control and management, including

investment decisions, of its trust fund monies.

34. As to the allegations contained in Paragraph 34, Defendant admits that the Department of the Interior often employs a "buy/hold" strategy to achieve the primary investment objectives of providing income and preserving principal and that investments are continuously reviewed to determine whether they continue to meet the investment needs and objectives of the beneficiaries, and denies the remaining allegations. Defendant avers that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies.

35. Defendant denies the allegations contained in Paragraph 35. Defendant avers that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies.

36. Defendant denies the allegations contained in Paragraph 36. Defendant also avers that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies.

37. The allegations contained in Paragraph 37 are Plaintiff's characterizations and conclusions of law to which no response is required. Further, the phrase "realistic and meaningful 'total return' approach" is vague and ambiguous, and as result, Defendant is unable to formulate a response thereto.

38. The allegations contained in Paragraph 38 are vague and ambiguous such that Defendant is unable to formulate a response thereto. The referenced but unspecified reports speak for themselves and are the best evidence of their contents.

39. Defendant denies the allegations contained in Paragraph 39.

40. As to the allegations contained in Paragraph 40, Defendant admits that Congress has enacted the listed Acts listed. All other allegations contained in Paragraph 40 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited Acts speak for themselves and are the best evidence of their contents.

41. The allegations in Paragraph 41 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statute and Acts speak for themselves and are the best evidence of their contents.

**COUNT I—PLAINTIFF'S ALLEGATIONS ABOUT MONETARY RELIEF ARISING FROM THE UNITED STATES'S BREACH OF FIDUCIARY DUTY WITH RESPECT TO THE MANAGEMENT OF THE TRIBE'S LANDS**

42. Defendant incorporates by reference herein its responses to the allegations in Paragraphs 1 through 41 above.

43. Defendant admits the allegations contained in Paragraph 43. Defendant also avers that Plaintiff has shared, and continues to share, in the control and management, of the Tribe's land held in trust by the Defendant, including negotiation of easements, rights of way, and leases. 44. Defendant admits the allegations contained in the first sentence of Paragraph 44. The allegations contained in the second and third sentences of Paragraph 44 are Plaintiff's characterizations and conclusions of law to which no response is required.

45. The allegation contained in the first sentence of Paragraph 45 is Plaintiff's characterization and conclusion of law to which no response is required. Defendant denies the allegations contained in the second sentence of Paragraph 45.

46. Defendant denies the allegations contained in Paragraph 46.

**COUNT II—PLAINTIFF'S ALLEGATIONS ABOUT MONETARY RELIEF ARISING FROM THE UNITED STATES'S BREACH OF FIDUCIARY DUTY WITH RESPECT TO DEPOSIT AND INVESTMENT TRUST FUNDS**

47. Defendant incorporates by reference herein its responses to the allegations in Paragraphs 1 through 46 above.

48. The allegations contained in in Paragraph 48 are Plaintiff's characterizations and conclusions of law to which no response is required. Defendant also avers that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies. The cited statutes, case law and other "applicable regulations" speak for themselves and are the best evidence of their contents.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in the first and third sentences of Paragraph 50. The allegations contained in the second sentence of Paragraph 50 are Plaintiff's characterizations and conclusions of law to which no response is required.

51. Defendant denies the allegations contained in Paragraph 51.

**COUNT III—PLAINTIFF'S ALLEGATIONS ABOUT MONETARY RELIEF ARISING FROM THE UNITED STATES'S BREACH OF FIDUCIARY DUTY WITH RESPECT TO THE MANAGEMENT OF JUDGMENT FUNDS**

52. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 51 above.

53. Defendant admits the allegations contained in the first and second sentences of Paragraph 53. Defendant also avers that Plaintiff has shared, and continues to share, in the control and management, including investment decisions, of its trust fund monies. The allegation contained in the third sentence of Paragraph 53 is Plaintiff's characterization and

conclusion of law to which no response is required. The referenced case law speaks for itself and is the best evidence of its contents.

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant denies the allegations contained in Paragraph 55.

**COUNT IV—PLAINTIFF'S ALLEGATIONS ABOUT MONETARY JUDGMENT ARISING FROM THE TAKING OF THE TRIBE'S RESERVATION**

56. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 55 above.

57. Defendant denies the allegations contained in Paragraph 57.

58. Defendant denies the allegations contained in Paragraph 58.

**COUNT V—PLAINTIFF'S ALLEGATIONS ABOUT JUDGMENT IN FAVOR OF THE TRIBE**

59. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 58 above.

60. Defendant denies the allegations contained in Paragraph 60.

**PLAINTIFF'S PRAYER FOR RELIEF**

1. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 1 of Plaintiff's prayer for relief.

2. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 2 of Plaintiff's prayer for relief.

3. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 3 of Plaintiff's prayer for relief.

4. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph

4 of Plaintiff's prayer for relief.

5. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 5 of Plaintiff's prayer for relief.

6. Defendant denies that Plaintiff is entitled to any and all relief sought in Paragraph 6 of Plaintiff's prayer for relief.

## GENERAL DENIAL

Defendant denies any allegations of the Amended Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2401.

2. To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70 et seq.).

3. Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver and consent, and any other equitable defenses.

4. To the extent Plaintiff asserts claims that it or its privies or predecessors in interest asserted or could have asserted in a prior adjudication in which a court or tribunal of competent jurisdiction entered a final judgment, including, but not limited to *Otoe and Missouria Tribe v. United States*, 131 Ct. Cl. 593 (1955), *Otoe and Missouria Tribe of Indians v. United States*, 13 Ind. Cl. Comm. 272 (1964), and *Otoe and Missouria Tribe of Indians v. United States*, 17 Ind. Cl. Comm. 290 (1966), those claims are barred in whole or in part by the doctrines of res judicata

and/or collateral estoppel. *See Indians of California v. United States*, 102 Ct. Cl. 837 (1944) and *Thompson, et al. v. United States*, 13 Ind. Cl. Comm. 369 (1964).

5. Plaintiff asserts certain claims over which this Court lacks jurisdiction.

6. Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted this 20th day of May, 2008.

RONALD J. TENPAS
Assistant Attorney General

*s/ Terry M. Petrie*
TERRY M. PETRIE
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
Tel: (303) 844-1369
Fax: (303) 844-1350
Terry.Petrie@usdoj.gov

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
JARED PETTINATO
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Fax: (202) 353-2021

SHANI N. WALKER
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** was served on May 20, 2008, by Electronic Case Filing, on the following counsel:

Kennis Monte Bellmard, II
Jacquelyn V. Duffy
Andrews Davis, P.C.
100 North Broadway
Suite 3300
Oklahoma City, OK 73012

*Counsel for Plaintiff*

*s/ Terry M. Petrie*
TERRY M. PETRIE