IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| OTOE-MISSOURIA TRIBE OF INDIANS, OKLAHOMA | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-CV-937 |
| THE UNITED STATES OF AMERICA, | ) | Judge Loren A. Smith |
| Defendant. | ) | |

**[PROPOSED] ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS, DATA, AND/OR OTHER MATERIALS TO BE PROVIDED BY DEFENDANT TO PLAINTIFF AND EXHIBIT 1**

This matter is before the Court on the parties' joint stipulation regarding the confidentiality of certain documents, data, and other materials to be provided by Defendant to Plaintiff in this case. Upon consideration of the joint stipulation and for good cause shown, it is hereby ORDERED that

1. The Joint Stipulation is APPROVED;

2. This Order and the associated Joint Stipulation govern the Confidential Materials to be provided by Defendant to Plaintiff in this case, regardless of the context (i.e., litigation, ADR, or informal settlement discussions) in which the provision occurs.

3. Documents, data, and/or other materials, as well as copies or images of such documents, data, and/or other materials, that are designated as protected from disclosure under the categories set out in the preamble to the Joint Stipulation shall be deemed "Confidential Materials" for purposes of this Order and the associated Joint Stipulation.

4. This Order and the associated Joint Stipulation shall govern the Confidential

Materials Defendant provides to Plaintiff, for all purposes related to this case, including but not limited to litigation, ADR or other formal dispute resolution process, and informal settlement discussions.

5. Plaintiff shall not use the Confidential Materials, or their contents, for any purpose, other than this case and any related administrative proceedings, if any, before the Department of the Interior. Any information designated as Confidential Materials shall be kept strictly confidential by Plaintiff's attorney(s) and Plaintiff's designee(s), and such information shall not be disclosed, made public, or made available to anyone, except as specifically provided in this Order and the associated Joint Stipulation or in any further Order that this Court may enter.

6. Any documents, data, and/or other materials Defendant makes available to Plaintiff's attorneys or Plaintiff's designees for inspection in this case shall be deemed confidential for purposes of the inspection. Defendant shall endorse any images or copies of Confidential Materials that they provide to Plaintiff with the phrase "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE." Plaintiff and Defendant may agree to forego Defendant's review to determine the confidentiality of certain documents, data, and/or other materials to be provided to Plaintiff, in which case Defendant shall endorse those documents, data, and/or other materials with the phrase "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE," before providing the documents, data, and/or other materials to Plaintiff. All documents, data, and/or other materials so endorsed shall be deemed Confidential Materials and this Order and the associated Joint Stipulation will protect them. If Plaintiff intends to file with the Court

any documents, data, and/or other materials endorsed as Confidential Materials as evidence or for any other purpose, Plaintiff shall follow the procedures set forth in this Order and the associated Joint Stipulation.

7. Plaintiff may request Defendant to review certain endorsed documents, data, and/or other materials to determine whether they contain confidential information; to redact any confidential information; and to produce a redacted version of the documents, data, and/or other materials for filing with the Court without the Confidential Materials endorsement. Accordingly, Defendant shall review, redact, and produce the documents, data, and/or materials within one hundred and twenty (120) days of Plaintiff's request (or a longer period of time, if the Parties so agree). After the documents, data, and/or other materials have been redacted or otherwise determined not to contain Confidential Materials, the documents, data, and/or other materials shall no longer be Confidential Materials or subject to this Order and the associated Joint Stipulation.

8. Defendant shall not produce to Plaintiff documents, data, and/or other materials relating exclusively to individuals, to other Tribes, to other entities; or to funds, lands, or resources to which Plaintiff does not claim a legal interest, unless Plaintiff and Defendant agrees that such production would be appropriate and necessary for the purposes of this case. If the parties agree that Defendant will produce to Plaintiff such documents, data, and/or other materials, Defendant shall endorse the documents, data, and/or other materials with the phrase "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE," before providing them .

9. Plaintiff and Defendant shall share equally the costs of copying or imaging

the documents, data, and/or other materials to be produced to Plaintiff. Copying or imaging charges shall be billed at reasonable rates calculated to cover only the actual costs of copying or imaging, commensurate with the size and difficulty of copying or imaging the requested documents, data, and/or other materials.

10. Defendant shall endorse any notes, dictation tapes, or media containing electronically-stored information that are Confidential Materials, or that contain information regarding the Confidential Materials with the phrase "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE," and the same provisions that apply to copies or images of the Confidential Materials shall apply to them.

11. Parties may disclose Confidential Materials without further Court approval only to the following individuals or entities: (1) the Court or any settlement judge or mediator appointed or selected to work with the parties in this case; (2) Plaintiff's attorney of record in this case, as well as the attorneys, paralegals, and support staff in his or her firm who are working on the case for Plaintiff; and (3) Plaintiff's designees in this case.

12. Confidential Materials inadvertently provided by Defendant to Plaintiff without the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" shall remain Confidential Materials. If any one of Plaintiff's attorneys or Plaintiff's designees recognizes that a document, data, and/or information should but does not bear the requisite endorsement, Plaintiff's attorneys or Plaintiff's designees shall (1) notify immediately counsel for Defendant that the document, data, and/or information does not bear the endorsement, and (2) treat the document, data, and/or information, as though it

bears the endorsement, and in accordance with the requirements of this Joint Stipulation of Confidentiality and the associated Order. Similarly, if Defendant's counsel learns or discovers that Defendant has produced or made available inadvertently to Plaintiff's attorneys or Plaintiff's designees, Confidential Materials without the requisite endorsement, Defendant's counsel shall notify Plaintiff's attorneys immediately. In either event, Defendant's counsel shall provide Plaintiff's attorneys with a copy of the Confidential Material, with the requisite endorsement, as soon as possible, and Plaintiff's attorneys and/or Plaintiff's designees shall return to Defendant's counsel all copies of Confidential Materials inadvertently provided without the requisite endorsement.

13. Plaintiff's attorney of record in this case; the attorneys, paralegals, and support staff in the firm of Plaintiff's attorney of record; and Plaintiff's designees may have access to the Confidential Materials; however, before receiving access to the Confidential Materials, each person shall execute an "Affidavit of Confidentiality," in the form attached hereto as Exhibit 1 and shall provide that executed form to Plaintiff's attorney of record. Office support or administrative staffers who simply handle or file the Confidential Materials but do not review their contents need not execute an Affidavit of Confidentiality. The executed Affidavits of Confidentiality shall be maintained by Plaintiff's attorney of record.

14. Any party filing Confidential Materials with the Court shall request the Clerk of Court to file those materials under seal. No party shall file with the Court any document, data, or other material that quotes from or paraphrases Confidential Materials or contains information obtained solely from Confidential Materials, unless it files the

confidential portion of any that document, data, or other material under seal with the Clerk of the Court. The parties shall file those sealed documents, data, or other materials in accordance with the rules of this Court and any other applicable rules, policies, procedures, and orders.

15. Plaintiff's attorney of record herein, as well as the attorneys working with Plaintiff's attorney of record, and any other person who is under the control of Plaintiff's attorney and who possesses Confidential Materials, shall employ reasonable measures, consistent with this Order and the associated Joint Stipulation, to control duplication of, access to, and distribution of the Confidential Materials.

16. Plaintiff shall return to Defendant's counsel or destroy all Confidential Materials immediately upon the termination of this case (including the resolution of any appeals) or the termination of any related administrative proceedings, if any, before the Interior Department, whichever occurs later. At that time, all individuals who have executed an Affidavit of Confidentiality pursuant to Paragraph 13 of this Joint Stipulation of Confidentiality and the associated Order and who still have access to such Confidential Materials, shall certify in writing that all such Confidential Materials have been returned or destroyed. Plaintiff's attorney of record shall maintain these certifications and shall provide a copy thereof to Defendant's counsel upon receiving the certifications.

17. After the termination of this case (including the resolution of any appeals) or the termination of any related administrative proceedings (if any) before the Interior Department, whichever occurs later, Plaintiff may ask to retain, for its own use, Confidential Materials (or the documents, data, and/or other materials that have been

endorsed as Confidential Materials) that Plaintiff had received from Defendant in the course of this case. If so, Plaintiff shall identify to Defendant, in writing and with specificity, the Confidential Materials (or documents, data, and/or other materials that have been endorsed as Confidential Materials) that it would like to retain and shall request Defendant to review those materials. Within one hundred and eighty days (180) days of receiving Plaintiff's written identification and request, Defendant shall begin reviewing the identified materials and begin producing to Plaintiff, without the "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" endorsement, copies or images of (1) the documents, data, and/or other materials that are not Confidential Materials under this Joint Stipulation and the associated Order; (2) the documents, data, and/or other materials that pertain only to Plaintiff and Plaintiff's trust funds or non-monetary trust resources and that can be provided to Plaintiff, without restriction or protective order, under applicable statutes, rules, and regulations; and (3) documents, data, and/or other materials from which Defendant has redacted all confidential information that cannot be provided to Plaintiff, without restriction or protective order, under applicable statutes, rules, and regulations..

18. If Plaintiff disputes Defendant's assertion and designation that a document, data, and/or information is or constitutes Confidential Material, Plaintiff shall notify Defendant in writing and state therein the grounds for disputing Defendant's assertion and confidential designation. Within 30 days after Defendant receives such written notification (or a longer period of time, if the parties so agree), the parties herein shall discuss and shall attempt to resolve the dispute. If the parties do not resolve the dispute

within 30 days or an extension thereof, Plaintiff may file a motion to seek a ruling from the Court regarding Defendant's assertion and confidential designation.

19. Until further order of this Court, this Order and the associated Joint Stipulation shall remain in full force and effect after the dismissal of the case and regardless of whether the parties reach settlement.

SO ORDERED.

Date: ____________________ ______________________________________

HON. LOREN A. SMITH
Judge, Court of Federal Claims

Respectfully submitted this 28th day of July 2008,

_*s/ Kennis M. Bellmard*_______
*(By filing attorney with consent)*
Kennis M. Bellmard, OBA #13965
David Pomeroy, OBA #7209
Michael D. McMahan, OBA #17317
Sandra Benischek Harrison, OBA #18647
Jennifer Henshaw McBee, OBA #19170
Jacquelyn V. Duffy, OBA #21630
ANDREWS DAVIS
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELLORS AT LAW
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK 73102
Telephone: (405) 272-9241
Facsimile: (405) 235-8786
Email: kmbellmard@andrewsdavis.com
Email: dpomeroy@andrewsdavis.com
Email: mdmcmahan@andrewsdavis.com
Email: sbharrison@andrewsdavis.com
Email: jhmcbee@andrewsdavis.com
Email: jvduffy@andrewdavis.com

ATTORNEYS FOR PLAINTIFF
OTOE-MISSOURIA TRIBE OF INDIANS, OKLAHOMA

RONALD J. TENPAS
Assistant Attorney General

*s/ Terry M. Petrie*____
TERRY M. PETRIE
JARED S. PETTINATO
ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
1961 Stout Street, 8th Floor
Denver, CO 80294
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (303) 844-1369
Tel: (202) 305-0241
Tel: (202) 305-0203
Fax: (202) 353-2021
Terry.Petrie@usdoj.gov
Anthony.Hoang@usdoj.gov
Jared.Pettinato@usdoj.gov

SHANI N. WALKER
JOSHUA A. EDELSTEIN
Office of the Solicitor

United States Department of the Interior
Washington, D.C. 20240

THOMAS KEARNS
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

# EXHIBIT 1 TO ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS, DATA, AND OTHER MATERIALS TO BE PROVIDED BY DEFENDANT TO PLAINTIFF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| OTOE-MISSOURIA TRIBE OF INDIANS, OKLAHOMA | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-CV-937 |
| THE UNITED STATES OF AMERICA, | ) | Judge Loren A. Smith |
| Defendant. | ) | |

**AFFIDAVIT OF CONFIDENTIALITY**

STATE OF ______________________________,

1. My name is ________________________. My office address is ____________________________. I am serving as (counsel) (an expert) (a paralegal or legal assistant) on behalf of ________________________ in the above-captioned case.

2. I certify that I have read and understood the entire Joint Stipulation of Confidentiality and the associated Order, both of which are attached hereto and incorporated herewith as Exhibit A. I agree to undertake and to abide fully and completely by the terms of the Joint Stipulation of Confidentiality and the associated Order.

3. In particular, and without limitation of the foregoing, I recognize that the Confidential Materials to which I have access as part of my work on this case may contain privileged proprietary information; I shall keep confidential the information contained in the Confidential Materials; I shall not disclose to, reveal to, or discuss with

any person, in any way, any Confidential Materials, or the facts and information contained therein, other than as authorized by the attached Joint Stipulation of Confidentiality and the associated Order; and I shall not use the Confidential Materials, or the facts and information contained therein, for any purpose, except as authorized by the Joint Stipulation of Confidentiality and the associated Order.

4. I agree that, upon (a) the termination of the above-captioned case, or (b) the conclusion of my involvement with the above-captioned case, whichever occurs first, I shall execute an affidavit certifying that I have returned or destroyed all such Confidential Materials, as set forth in the Joint Stipulation of Confidentiality and the associated Order.

5. I understand that, if I disclose or reveal any Confidential Materials, or the facts and information contained therein, in violation of the Joint Stipulation of Confidentiality and the associated Order, I may be subject to all applicable sanctions, including the penalties imposed by the Court for contempt.

_________________________________
(NAME OF AFFIANT)

SWORN TO AND SUBSCRIBED BEFORE ME,

THIS _____ DAY OF _________________ 200__.

_______________________
NOTARY PUBLIC