# In the United States Court of Federal Claims

Case Number 06-937L
FOR PUBLICATION
Filed: May 31, 2012

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |
|---|---|
| **OTOE-MISSOURIA TRIBE OF INDIANS, OKLAHOMA**, | Indian Trust Claim; 28 U.S.C. § 1500; *United States v. Tohono O'Odham Nation*, *Tecon* is not overruled |
| *Plaintiff*, |  |
| v. |  |
| **THE UNITED STATES**, |  |
| *Defendant*. |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Kennis M. Bellmard, II*, with whom were *Jennifer H. McBee*, and *Eugene K. Pertman*, McCormick & Bryan, PLLC Washington D.C., for Plaintiff.

*Paul Barker,* Trial Attorney, with whom were *Brook Andrews*, Trial Attorney, *Anthony P. Hoang*, Trial Attorney, and *Ignacia S. Moreno*, Assistant Attorney General, Environmental and Natural Resources Division, Department of Justice, Washington, D.C., for Defendant.

**OPINION AND ORDER**

**SMITH, Senior Judge.**

This case is one of many cases before the Court whereby Defendant alleges that the case must be dismissed pursuant to RCFC 12(b)(1), relying on 28 U.S.C. § 1500 as interpreted by *United States v. Tohono O'odham Nation*, __ U.S. __, 131 S. Ct. 1723 (2011) ("*Tohono O'odham*"). In this case, it is undisputed that Plaintiff filed its complaint in this Court, and then, several hours later and on the same day, filed a complaint in the United States District Court for the Western District of Oklahoma. Defendant argues that this fact, the order of filing, is irrelevant for purposes of Section 1500 and is not pertinent in light of *Tohono O'odham* and,

1

therefore, the case must be dismissed. For the reasons set forth below, the Court rejects with Defendant's argument and **DENIES** Defendant's Motion to Dismiss.

### Relevant Facts[1]

At 9:01 A.M. Eastern Standard Time on December 26, 2006, Otoe-Missouria filed a complaint with the Court of Federal Claims ("CFC") alleging the Government's mismanagement of tribal assets in trusts. Specifically, the Tribe alleged that the Government breached its statutory, regulatory and fiduciaries duties to them.[2] On that same day, a second complaint was filed at 2:04 P.M. Central Standard Time in the United States District Court for the Western District of Oklahoma ("District Court"). In this complaint, Otoe-Missouria alleges that the Government has not provided an accurate accounting to the Tribe of its Trust Fund and requests a declaratory judgment that the Government has not provided a complete and accurate accounting of the Trust Fund. Plaintiff also requests equitable relief requiring that the Government correct the books to reflect a true and accurate accounting.

### Discussion

Before the Court is Defendant's motion to dismiss based on lack of subject matter jurisdiction. In order to determine whether to grant or deny a motion to dismiss, the Court must "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (2000). Subject matter jurisdiction is a threshold issue to be considered before proceeding to the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A plaintiff must establish that the Court has subject matter jurisdiction over its claims by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) (internal citations omitted). If subject matter jurisdiction is lacking, the Court must dismiss the claim. RCFC 12(h)(3).

Here, Defendant asserts that 28 U.S.C. § 1500 as interpreted by *Tohono O'odham* dictates dismissal. Specifically, Defendant asserts that the because Plaintiff filed its complaint in this Court hours before filing in federal district court the sequence of filing is no longer pertinent to Section 1500's applicability and, thus, the case must be dismissed. The Court will, therefore, turn its attention to Section 1500 and *Tohono* and their application to the case at bar.

---

[1] The facts are taken from the Joint Stipulation of Facts Relating to Defendant's Motion to Dismiss.
[2] Plaintiff has twice amended its Complaint in this Court to modify its claims for relief.

Section 1500 of Title 28 provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person, who at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500.  In *Tohono O'odham*, the Supreme Court stated, "[the statute] is more straightforward than its complex wording suggests. The CFC has no jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents." *Tohono O'odham*, 131 S. Ct. at 1727.  If there is a claim "pending" in another court at the time of filing, the claim may trigger Section 1500 if the pending claim is "for or in respect to the same claim." *Id.* at 1731 (referencing *Keene Corp. v. United States*, 508 U.S. 200, 209 (1993)).  Yet, the statute does not define what it means for two lawsuits to be "for or in respect to" the same claim, nor does it define what it means for a plaintiff to "ha[ve] pending another claim" or to specify at what point during the lawsuit another lawsuit cannot be pending.  These are the questions that are now before this Court.  In order to determine these answers, the Court must first determine whether Plaintiff's district court action was "pending" as defined by Section 1500 at the time Plaintiff filed its complaint with this Court.  Only if the Court finds that the action was "pending" does the Court move on to the second question, that is, whether district court claim is "for or in respect to" the claim filed in this Court.  The Court begins its analysis, therefore, by determining whether a case was pending at the time Plaintiff filed its case in this court.

*Tecon Eng'rs, Inc. v. United States*, 343 F.2d 943 (Ct. Cl. 1965), *cert denied*, 382 U.S. 976 (1966), is the controlling authority with respect to the determination as to whether the Plaintiff's case is "pending" within the meaning of Section 1500.  Specifically, *Tecon* held that the CFC lacks jurisdiction if a plaintiff has commenced another action in any other court "for or in respect to" the same claim as that one subsequently filed by the plaintiff in the CFC.  *Id.* at 943-49.  This holding is known as the "order of filing" rule.  Plaintiff relies on this language to argue that this Court retains jurisdiction because it filed its complaint with this Court before filing a second complaint in the District Court, even though filing on the same day.  Furthermore, Plaintiff maintains that *Tecon* remains good law because it was not considered in *Tohono O'odham* in which the order of filings was reversed from this case. *See Tohono O'odham*, 131 S. Ct. at 1727 (involving a claim filed in the CFC one day after the plaintiff filed with the Federal District Court); *id.* at 1729-30 ("The *Tecon* holding is not presented in [*Tohono O'Odham*] because the CFC action here was filed after the District Court suit.").

Contrary to Plaintiff's assertions, Defendant argues that *Tohono O'odham* overruled *Tecon* precluding this Court from exercising jurisdiction.  Defendant suggests that the *Tohono O'odham* Court expressed disapproval of *Tecon* because it deviated from Section 1500's purpose to protect the court system against redundant litigation, *Tohono O'odham*, 131 S. Ct. at 1730 and is, therefore, no longer good law.

The argument that *Tecon* is no longer good law is not a new argument by Defendant nor has it been accepted or followed by this Court.  In *Yakama Nation*, this Court held "that *Tohono O'Odham* does not disturb *Tecon* . . . ."  *Yakama Nation Hous. Auth. v. United States*, 102 Fed. Cl. 478, 484 (2001).  Other judges of this Court have similarly held the same.  *Kaw Nation of Oklahoma v. United States*, 2012 WL 639928 *3 (Fed. Cl. Feb. 29, 2012) ("[I]t is abundantly clear *Tohono* did not expressly overturn *Tecon*."), *United Keetoowah Band of Cherokee Indians in Oklahoma v. United States*, No. 06-936L, p. 11 (Filed March 27, 2012)("*United Keetoowah*") ("*Tecon* is controlling Federal Circuit precedent . . . . [The Court] "rejects the Government's facial challenge to Tecon . . . ."); *Coeur d'Alene Tribe v. United States,* 102 Fed. Cl. 17, 25 (2011) ("The *Tohono* Court, however, declined to either overrule or explicitly endorse *Tecon*'s order-of-filing rule, and it did not indicate otherwise that *Tecon* is no longer good law."); *Nez Perce Tribe v. United States*, 101 Fed. Cl. 139, 145 (2011) ("the *Tecon* timing rule" remains "undisturbed.").

The Court rejects Defendant's argument once again, as it did in *Yakama Nation*, and holds that *Tecon* is still good law and has not been overturned.  The holding was clear in *Tohono O'odham* that "the *Tecon* holding is not presented in this case because the [Court of Federal Claims] action here was filed after the District Court suit."  131 S. Ct. at 1729-30.  Therefore, the Court applies the order of filing rule.  In doing so it is clear that the undisputed facts show that Plaintiff filed its complaint first in the Court of Federal Claims, then filed a second complaint in the District Court.  Thus, at the time Plaintiff filed suit in this Court there was no claim pending in any other court.

To support its holding, the Court need only turn to the language contained in Section 1500.  Section 1500 clearly states that the CFC retains jurisdiction unless "the plaintiff or his assignee *has pending* in any other court any suit or process against the United States . . . ." 28 U.S.C. § 1500 (emphasis added).   It is well settled that the starting point for statutory interpretation is the plain meaning of the text.  The plain language of § 1500 is clear: the CFC shall not have jurisdiction when there is another suit pending in the district court.  The word "pending," of course must be given its plain meaning in statutory construction. The plain meaning of pending in court is that there is some action going on in the court.  All of the dictionary references refer to something ongoing and awaiting a conclusion or a decision.  If pending meant any cases that might be filed in court it would require a psychic analysis of the minds of every person in the country or world who might file a case.  Pending is a term that

refers to a present state, any other definition would make the term hopelessly ambiguous. A case is either in the court, i.e. pending, or it is not. It is not like the quantum state of subatomic particles where they are both there and not there at the same time. When the Clerk of this Court yearly reports to the Congress that we have so many cases the Clerk does not include cases that "might" be filed, or which people are thinking of filing, or cases which could be filed. Cases are either filed or they are not. Pending, in common legal parlance, refers to cases that are filed. Cases to be filed in the future can never be pending until they are actually filed. Though it might be nice to be able to predict which cases might be filed in the future, unfortunately that power does not exist, and the Congress clearly knew that in drafting § 1500. The Court stated it clearly in *Yakama Nation:*

> Since jurisdiction in a case is and must be determined as of the date of filing the case, *Keene*, 508 U.S. at 207, it follows from the plain language of the statue that at the time of filing, if there is another case pending based on the same operative facts, then the jurisdiction does not exist and the case must be dismissed. However, the corollary of that rule is that if there is no pending case, then the jurisdiction is proper as of the *moment* of the filing. If that were not so, one would have to say that valid jurisdiction could always be divested by one party or the other filing a complaint based upon the same operative facts at any time during the litigation, perhaps even several years later. If jurisdiction in the CFC does not arise at the time of filing, then the corollary is that a party who filed in the district court prior to filing in the CFC could create jurisdiction in the CFC by dismissing the district court case. Logically, jurisdiction has to be measured at either the time of filing or it can appear or disappear or disappear and reappear at any time during the litigation. Since *Tohono O'Odham* states that the purpose of the statute is "to save the Government from the burdens of redundant litigation" *Tohono O'Odham* at 1730, the Government's interpretation makes no sense in light of *Tohono O'Odham's* holding.

*Yakama Nation* at 484 (emphasis added.).

Even though here the complaints were filed on the same date, it holds true that at the time of filing no other suit was "pending" and hence this Court has jurisdiction. It is from the moment of the filing, not necessarily the date of filing. Due to the order of filings in this case, *Tohono O'odham* does not affect this interpretation. Plaintiff filed the complaint with the CFC before filing in the District Court. Thus, according to the plain language of § 1500, the District Court case was not already "pending" when the Plaintiff filed suit in this Court. Consequently, the Court holds that the subsequent action in the District Court does not preclude this Court from jurisdiction over the matter.

Even assuming that *Tecon* remains good law, Defendant asserts that three other decisions establish that § 1500 divests this Court of jurisdiction. The cases Defendant relies upon are: *Hobbs v. United States,* 168 Ct. Cl. 646 (1964) (per curiam); *Maguire Indus., Inc. v. United*

5

*States*, 114 Ct. Cl. 687 (1949) and *Passamaquoddy Tribe v. United States*, 82 Fed. Cl. 256 (2008). Recently, Judge Wheeler, in *United Keetoowah* addressed these arguments. In that case, the court was faced with the same question as presented here: whether the complaints filed in the Court of Federal Claims were to be dismissed for lack of jurisdiction based upon the fact that the Plaintiff filed, on the same day, a complaint in the CFC and then thereafter a complaint in the United States District Court for the Eastern District of Oklahoma. From the undisputed facts presented, Judge Wheeler found jurisdiction. Within his opinion, Judge Wheeler, discussed and distinguished both the *Hobbs* and *Maguire* cases. The procedural posture of these cases was quite different than that of the present one or in *United Keetoowah*. Indeed, in both *Hobbs* and *Maguire* "it was not the subsequent filing of suit in another court that divested the Court of Claims of jurisdiction . . . it was the filing of an appeal of an action that was filed and dismissed prior to the Court of Claims suit." *Id*. *9 quoting *Couer d'Alene Tribe,* 102 Fed. Cl. 17, 25. This Court also adopts the reasoning of both Judge Damich in *Couer d'Alene Tribe*, and Judge Wheeler in *United Keetoowah*, as here "the Plaintiff is not appealing administrative denials based on the same operative facts in any of the circuits." *United Keetoowah* *9.

Lastly, Defendant argues that this case does not implicate the sequence of filing rule at all relying on *Passamaquoddy Tribe v. United States*, 82 Fed. Cl. 256 (2008). In *Passamaquoddy Tribe*, claims filed on the same day were treated as per se "simultaneous[]," depriving this Court jurisdiction pursuant to § 1500. *Id*. at 267. S*ee United States v. County of Cook, Ill*, 170 F.3d 1084, 1091 (Fed. Cir. 1999). The Court is not persuaded. Instead, the Court follows the reasoning and holdings in *Kaw Nation* and *United Keetoowah* which limit *Passamaquoddy Tribe* as "a rule of necessity, triggered when evidence is lacking as to which of the two complaints was filed first." *United Keetoowah* *13 citing *Kaw* Nation 2012 WL 639928 *17.

In light of the Court's holding that the CFC complaint was not pending at the time Plaintiff filed its second complaint in the district court, the Court need not answer the second question, whether the claim is "for or in respect to" the same claim filed in this Court.

### Conclusion

For the reasons set above, the Court hereby **DENIES** Defendant's Motion to Dismiss.

**It is so ORDERED.**

s/ Loren A. Smith_____
LOREN A. SMITH
Senior Judge
